# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

UTECH PROPERTIES, LLC,

        Debtor.

Chapter 11
Case No. 11-48219
Honorable Marci McIvor

_____/

## DEBTOR'S FIRST DAY MOTION FOR ENTRY OF INTERIM ORDER (A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL; AND (B) GRANTING ADEQUATE PROTECTION

Utech Properties, LLC (the "Debtor") hereby moves the Court for Entry of an Interim Order (A) Authorizing Debtor to Use Cash Collateral; and (B) Granting Adequate Protection (the "Motion"). In support of this Motion, Debtor respectfully represents:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion under 28 U.S.C.§1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (O).

2. Venue of this chapter 11 case in this District is proper under 28 U.S.C. §§1408 and 1409.

3. The statutory bases for the relief requested herein is §§105(a), 363 and 364 of the United States Bankruptcy Code, 11 U.S.C. §101 *et seq*., as amended (the ABankruptcy Code@).

### Background

4. On March 25, 2011 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in this chapter 11 case, and no

committee has been appointed or designated.

## Summary of Debtor

7.     Formed in 2001, Debtor is a Michigan limited liability corporation engaged in the ownership, management and rental of one or more parcels of real estate. Debtor currently owns and manages real estate located at 210 W. University, Rochester, Michigan 48037 and a warehouse located at 200 South Street, Rochester, Michigan 48307. Debtor is solely owned by Duane Utech, a former copy writer and marketer for the automotive industry who now owns and operates a yoga studio in Rochester Michigan.

8.     Debtor estimates that the aggregate amount of its assets equals $2.0 million. Debtor's rental income, through June 30, 2011, should aggregate $59,587.40, as follows:

| April 2011: | $19,868.70 |
| May 2011: | $19,868.70 |
| June 2011: | $19,850.00 |
| | $59,587.40 |

9.     The principal factor that necessitated Debtor seeking relief under the Bankruptcy Code was the general and substantial downturn in the metropolitan real estate market.

## Statement of Secured Debt

9.     As of the Petition Date, Debtor was indebted to Pierpont 2010 LLC, successor in interest to JPMorgan Chase (the "Bank") in the approximate amount of $2.5 million, plus interest and other fees and expenses chargeable and reimbursable under the prepetition loan documents. The debt owed to the Bank is secured by a mortgage and assignment of leases and rents on and against Debtor's real property located in Rochester, Michigan.[1]

## Relief Requested

10.     Debtor requires immediate use of cash collateral on an expedited basis to avoid

---

[1] This statement should not be construed as an admission regarding the amount of debt owed or the validity of liens or security interests, but only as a statement of secured claims asserted against the Debtor.

immediate and irreparable harm. Without authority to use cash collateral, Debtor will not be able to pay its operating expenses, and therefore, will not be able to continue its operations. If Debtor ceases operations for any period of time, it would greatly diminish Debtor's ability to reorganize and its going concern value.

11.    The value of Debtor's business assets arises in large part from its ongoing operation and its relationship with its tenants. If Debtor fails to meet its obligations to its tenants, the tenants may suffer significant damages and may assert claims against Debtor or, worse yet, vacate Debtor's real estate.

12.    In order for the Debtor to continue to operate its business and preserve its good will and going concern value, it is necessary to use Debtor's cash and the proceeds of its rentals (the "Cash Collateral" as defined in §363(a) of the Bankruptcy Code) to pay normal operating expenses, including wages, utilities, maintenance, insurance premiums, and taxes.

13.    Debtor proposes to use Cash Collateral pursuant to the Budget attached as Exhibit "2."

14.    As adequate protection for the use of Cash Collateral, Debtor proposes to grant the Bank (i) a replacement security interest in and a lien on Debtor's Pre-Petition assets to the same extent and in the same priority that existed prior to the Petition Date, and (ii) a security interest in and lien on Debtor's Post-Petition collateral pursuant to §363(e) of the Bankruptcy Code.

15.    Debtor also proposes to grant Lender an allowed super priority administrative expense against Debtor's estate to the extent Debtor uses amounts of Cash Collateral that are not replaced.

16.    Debtor's proposed use of cash collateral will not diminish the Bank's collateral base as Debtor projects a net increase in cash, through June 30, 2011, of $ 4908.12. *See* Budget

3

attached as Exhibit "2."

17.     This Motion is further supported by the Affidavit of Duane Utech, attached hereto as Exhibit "3."

**Notice**

18.     Notice of this Motion has been given to (i) the United States Trustee; and (ii) Bank's counsel, Kus, Ryan & Associates, PLLC, both via electronic mail. In light of the nature of the relief requested, Debtor submits that no further notice is required.

**No Prior Request**

19.     No prior motion for the relief requested herein has been made to this or any other Court.

20.     The Debtor requests that the Court schedule a prompt hearing on the Motion pursuant to Local Rule 9013-4 (Bankr. E.D. Mich.).

Wherefore, Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit 1 (i) authorizing Debtor to use Cash Collateral, and (ii) granting Debtor further relief as this Court deems appropriate under the circumstances.


NATHAN ZOUSMER, P.C.


By:     Michael I. Zousmer (P47190)
Attorneys for Debtor
29100 Northwestern Hwy., Ste. 260
Southfield, Michigan 48034
(248) 351-0099


Dated:  March 25, 2011

4

**EXHIBIT "1"**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

UTECH PROPERTIES, LLC,

                                        Chapter 11
                                        Case No. 11-48219
        Debtor.                         Honorable Marci McIvor

_____/

### INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL, GRANTING ADEQUATE PROTECTION, AND ORDERING OTHER RELIEF

By motion dated March 25, 2011 (the "Motion"), Utech Properties, LLC ("Debtor") moved this Court for the entry of this Order in this chapter 11 case (the "Case"). Pursuant to Fed.R.Bankr.P. 4001(d) and E.D. Mich.. L..B.R. 4001-2 (E.D.M.), notice of the Motion was given, and a preliminary hearing ("Preliminary Hearing") was held before this Court on _____, 2011.

Upon review and consideration of the papers filed with this Court and the evidence presented at the preliminary hearing, if any; the Court having considered the foregoing, and sufficient cause appearing therefore; and the Court hereby finds, as follows:

A.      On March 25, 2011 (the "Petition Date") a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Code")[1] was filed by the Debtor.

B.      Debtor is in possession of its assets, and has continued to operate and manage its business as a debtor in possession pursuant to §§ 1107 and 1108 of the Code.

C.      No committee of creditors holding unsecured claims (the "Committee") or any other committee has been appointed in this Case, pursuant to 11 U.S.C. § 1102, or otherwise.

D.      Before the Petition Date, Debtor entered into certain credit facilities ("Obligations")

with Pierpont 2010 LLC, assignee of JPMorgan Chase, NA ("Lender") which Obligations, upon information and belief, are secured by a mortgage and assignment of rents and leases recorded against Debtor's real property located in Rochester, Michigan ("Pre-Petition Collateral").

E.     As of the Petition Date, according to Debtor's books and records, it was indebted to Lender in the approximate amount of $2.6 million.

F.     Debtor represents that, to avoid immediate and irreparable harm to Debtor and Debtor's estate, it must use cash collateral in an amount not to exceed $60,000.00, to pay Lender adequate protection, fulfill obligations, maintain adequate insurance protection, provide maintenance services to its real property, maintain utilities from being disconnected, satisfy allowed chapter 11 administrative expense claims, fees required by 28 U.S.C. §1930 and other immediate operating expenses of Debtor's business between the Petition Date and the date of the Final Hearing on this matter.

Accordingly, IT IS ORDERED:

1.     The Motion is GRANTED. Debtor is authorized to use cash collateral generated in the ordinary course of its business, subject to the terms, conditions and limitations set forth in this Order.

2.     Debtor may use cash collateral for necessary operation expenses and in the amounts described in the budget attached to the underlying Motion as Exhibit "2", as may be modified, supplemented, or extended from time to time upon the written agreement of the Debtor and Lender (as so modified, supplemented or extended, the "Budget"). If this Order continues as a final order, Debtor is authorized to use cash collateral to pay necessary operating expenses, which include:

---

1 All section references are to the Bankruptcy Code unless otherwise noted.

payment of current taxes incurred after the Petition Date; personal property taxes; wages and salaries; professional fees, subject to appropriate Court approval; supplies and material; insurance premiums; necessary maintenance; utilities; and, other ordinary course charges necessary for the Debtor's operations, including the fees required by 28 U.S.C. §1930.

3.     Lender is hereby granted a replacement lien in the same amount, priority and extent as it had pre-petition (the "Adequate Protection Liens"), effective as of the Petition Date, upon all property of Debtor, including the Pre-Petition Collateral, and all replacements and proceeds of the Pre-Petition Collateral, to the extent of their pre-petition secured claim. Any types of collateral that do not also constitute Pre-Petition Collateral, or the proceeds and products thereof, shall only secure and compensate Lender for any diminution in the value of its respective Pre-Petition Collateral, any use of cash collateral, and any use of cash between the Petition Date and date of final payment to Lender. Lender's Adequate Protection Liens in the Pre-Petition Collateral and the collateral shall constitute valid, enforceable, perfected liens and security interests existing on the Petition Date in the Pre-Petition Collateral in the same amount, priority and extent Lender had before the Petition date.

4.     As a additional adequate protection, Debtor shall remit $7,000.00 to Lender on or before the first business day of each month, commencing May 2, 2011.

5.     Within two (2) business days after the date upon which Debtor's counsel receives a true copy of this Order, Debtor shall serve, or cause to be served, a copy of the Motion with its attachments (unless it has already been served) and this Order upon (a) all creditors holding secured claims of record, (b) all other entities known, or discoverable after reasonable investigation by Debtor, to claim any interest in cash collateral, (c) any Committee of creditors appointed pursuant to § 1102 of the Code or, if no Committee has been appointed, the creditors included on the list filed

3

pursuant to Fed.R.Bankr.P. 1007(d), and (e) the United States Trustee. Objections to this Order must be filed on or before _____, 2011, except that the Committee may file objections within twenty (20) days after its formation. Any objection to the continued effectiveness of this Order shall be in writing and shall be filed with the Court and served upon the Debtor, in care of its counsel, Nathan Zousmer, PC. If an objection is timely filed and served, a final hearing will be held on _____, 2011 at _____ (the "Final Hearing"), a date which is no fewer than five (5) days from the objection cutoff date, as the same may be adjourned or continued by the Court, 211 West Fort Street, Detroit, Michigan. If no objection is timely filed and served, then this Order shall be deemed a final order.

      6.     Absent an earlier Event of Default or further order of the Court, the Debtor is authorized to use cash collateral on the terms and conditions set forth herein until the Final Hearing (the "Termination Date"), unless the date is extended in a writing signed by Lender and Debtor. The remaining terms and provisions of this Order shall survive termination and remain in full force and effect beyond the Termination Date. If any such extension is granted, neither the Debtor nor Lender, will be required to obtain (but may, if Debtor or Lender so desires) any further order of this Court implementing such extension, unless the Committee, if any (or otherwise, the Office of the United States Trustee), will not stipulate to such an extension. Any extension which is stipulated to by Debtor and Lender, and the Committee, if any (or otherwise the Office of the United States Trustee), shall be governed by and subject to all terms of this Order (as modified or amended by the extension) as if its term included any extension granted.

      7.     From the Petition Date until the earlier of (a) the Final Hearing or (b) the date upon which this Order becomes a final order without conducting the Final Hearing (if no objections are

4

timely filed and served), Debtor shall use only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate. In no event shall cash disbursements from the Petition Date until the earlier of (a) the Final Hearing or (b) the date upon which this Order becomes a final order without conducting a Final Hearing (if no objections are timely filed and served) exceed the sum of $39,000.00, plus any sums paid to Lender as adequate protection, in the aggregate.

5

**EXHIBIT "2"**

# UTECH PROPERTIES, LLC'S MONTHLY BUDGET
## March 25, 2011 – April 30, 2011

| | |
|---|---|
| Mortgage: | $7,000.00 |
| Chase-Auto: | $   584.76 |
| Consumer Energy: | $3,500.00 |
| DTE: | $2,750.00 |
| Trash Removal: | $   75.00 |
| Cleaning: | $   300.00 |
| Credit Cards: | $3,000.00 |
| Maintenance: | $1,000.00 |
| TOTAL: | $18,209.76 |

# UTECH PROPERTIES, LLC'S MONTHLY BUDGET
## May 1, 2011 – May 30, 2011

| | |
|---|---|
| Mortgage: | $7,000.00 |
| Chase-Auto: | $ 584.76 |
| Consumer Energy: | $3,500.00 |
| DTE: | $2,750.00 |
| Trash Removal: | $ 75.00 |
| Cleaning: | $ 300.00 |
| Credit Cards: | $3,000.00 |
| Maintenance: | $1,000.00 |
| TOTAL: | $18,209.76 |

# UTECH PROPERTIES, LLC'S MONTHLY BUDGET
## June 1, 2011 – June 30, 2011

| | |
|---|---|
| Mortgage: | $7,000.00 |
| Chase-Auto: | $   584.76 |
| Consumer Energy: | $3,500.00 |
| DTE: | $2,750.00 |
| Trash Removal: | $     75.00 |
| Cleaning: | $   300.00 |
| Credit Cards: | $3,000.00 |
| Maintenance: | $1,000.00 |
| Water/Sewer: | $     50.00 |
| TOTAL: | $18,259.76 |

**EXHIBIT "3"**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

UTECH PROPERTIES, LLC,

        Debtor.

Chapter 11
Case No. 11-48219
Honorable Marci McIvor

_____/

## AFFIDAVIT OF DUANE UTECH IN SUPPORT OF DEBTOR'S
## FIRST DAY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO
## USE CASH COLLATERAL AND PROVIDE ADEQUATE PROTECTION

STATE OF MICHIGAN      )
                       )ss
COUNTY OF OAKLAND     )

Duane Utech, being duly sworn, deposes and states:

1.     I am the Member of Utech Properties, LLC (the "Debtor").

2.     I am submitting this Affidavit in Support of Debtor's First Day Motion for Entry of an Order Authorizing Debtor to Use Cash Collateral and Provide Adequate Protection (the "Motion").

3.     I am familiar with the Debtor's day-to-day operations, business affairs, and books and records.

4.     I have personal knowledge of the facts and circumstances set forth in the Motion and if called upon to testify, could and would accurately attest thereto. All the facts set forth in the Motion are accurate.

5.     Specifically, it is absolutely imperative that Debtor be authorized to utilize cash collateral under the terms proposed in the Order attached to the Motion. Without the proposed use of cash collateral, Debtor will not be able to continue operating its business and protect its assets and, as a result, Debtor's estate will diminish in value.

6.     If Debtor is unable to immediately utilize cash collateral, the estate and its creditor will suffer immediate and irreparable harm

I declare under penalty of perjury, under the laws of the United States of American that the

foregoing is true and correct.

_____
Duane Utech

Subscribed and sworn to before me
this 25th day of March 2011.

_____
Kathleen McGrain, Notary Public
Oakland County, Michigan
My commission expires: 2-16-14

KATHLEEN M. MCGRAIN
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Feb 16, 2014
ACTING IN COUNTY OF Oakland

2